UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------

UNITED STATES OF AMERICA,

                        Plaintiff,

                       v.

NAPOLEON SCOTT,

                        Defendant.

-------------------------------------------------------------------

**MEMORANDUM & ORDER**
22-CR-156 (MKB)
25-CV-4361 (MKB)

MARGO K. BRODIE, United States District Judge:

On December 19, 2023, Petitioner Napoleon Scott pleaded guilty, pursuant to a plea agreement, to one count of sex trafficking conspiracy in violation of 18 U.S.C. § 1594 (c). (Executed Plea Agreement ¶ 1, annexed to Government's Opposition to Defendant's Motion "Gov't Opp'n" as Ex. A, Docket Entry No. 157-1.)  On June 12, 2025, the Court sentenced Scott to 160 months in custody and five years of supervised release.  (J. 1–2; Min. Entry dated June 12, 2025.)  On June 25, 2025, Scott filed a notice of appeal to the Second Circuit.  (Not. of Appeal, Docket Entry No. 153.)  Scott's appeal is currently pending before the Second Circuit.[1]

On August 5, 2025, Scott, proceeding *pro se*, moved to vacate his sentence pursuant to 28 U.S.C. § 2255 and the Government opposed the application.[2]  Because Scott's direct appeal is still pending before the Second Circuit, the Court denies, without prejudice, Scott's motion to vacate.

---

[1] *United States v. Scott*, No. 25-1587 (2nd Cir. June 25, 2025).

[2] (Def.'s Mot. to Vacate ("Def.'s Mot."), Docket Entry No. 155; Gov't Resp. in Opp'n to Def.'s Mot. ("Gov't Opp'n"), Docket Entry No. 157; Def.'s Reply to Gov't Opp'n ("Def.'s Reply").)

## I.    Background

### a.    Petitioner's plea and sentencing

Law enforcement arrested Scott on January 19, 2022 and the Queens County District Attorney's Office charged Scott in Queens County Criminal Court with robbery in the second degree, in violation of New York Penal Law § 160.10(2)(A).[3]  (PSR ¶ 6.)  On March 10, 2022, federal law enforcement arrested Scott on a federal complaint charging him with witness tampering, in violation of 18 U.S.C. § 1512(b)(3).  (*Id.* ¶ 10; Compl., Docket Entry No. 1.)  On April 6, 2023, a grand jury returned a five-count indictment charging Scott with sex trafficking conspiracy, in violation of 18 U.S.C. §§ 1594(c), 1591(b)(1) and 3551 *et seq.* (Count One), sex trafficking, in violation of 18 U.S.C. §§ 1591(a)(1), 1591(a)(2), 1591(b)(1), and 3551 *et seq.* (Count Two), promotion of prostitution, in violation of 18 U.S.C §§ 1952(a)(3)(A) and 3551 *et seq.* (Count Three), interstate prostitution, in violation of 18 U.S.C. §§ 2422(a) and 3551 *et seq.* (Count Four), and witness tampering, in violation of 18 U.S.C. §§ 1512(b)(3) and 3551 *et seq.* (Count Five).  (*See generally* Indictment, Docket Entry No. 10.)

On December 19, 2023, at the Change of Plea Hearing, Scott pleaded guilty before Magistrate Judge Vera M. Scanlon, pursuant to a plea agreement, to one count of Sex Trafficking Conspiracy in violation of 18 U.S.C. § 1594 (c).  (Min. Entry dated Dec. 19, 2023; PSR ¶ 1.) Before taking his plea, Judge Scanlon confirmed that Scott "underst[ood] the proceedings."  (Tr. of Dec. 19, 2023 Plea Hr'g ("Plea Tr.") 11:7–8, annexed to Gov't Opp'n as Ex. B, Docket Entry No. 157-3.)  Judge Scanlon also confirmed that Scott had the time and opportunity to consult with his attorneys about his decision to plead guilty.  (*Id.* at 12:6–9.)  Judge Scanlon inquired about Scott's understanding of the charge against him, (*id.* at 13:20–14:6), discussed the

---

[3] The Queens County case was dismissed in lieu of the federal prosecution.  (PSR ¶ 6 n.2.)

2

elements the Government would need to prove at trial, (*id.* at 14:14–15:21), the application of the evidence to the elements, (*id.* at 15:23–17:8), and the application of the advisory guidelines from the United States Sentencing Guidelines Manual ("Guidelines" or "U.S.S.G."), (*id.* at 28:12–29:2).  Judge Scanlon also confirmed that Scott understood that he was waiving the right to appeal or challenge by petition, pursuant to 28 U.S.C. § 2255, his conviction and his sentence in the event the Court imposed a term of imprisonment of 262 months or below.  (*Id.* at 33:13–24.)  Scott also confirmed that he made the plea "voluntarily and of [his] own free will," that no one had "threatened or forced [him] to plead guilty," and that no one "promised [him] what [his] sentence [he] would receive from the district judge" would be.  (*Id.* at 37:11–38:3.)  Scott explained the conduct that made him guilty of the charged crime, stating that "[b]etween the period of 2021 and 2022, I knowingly conspired with others to maintain and recruit people to engage in commercial sex and to benefit financially from such acts.  I understood that fraud would be used to cause such activities.  And my conduct occurred in Brooklyn, New York during that time period."  (*Id.* at 36:10–15.)  Scott's counsel stipulated to the interstate commerce clause.  (*Id.* at 36:16–17.)

Judge Scanlon found that Scott "knowingly and voluntarily enter[ed] a plea of guilty" and "that he fully understands the charges in the indictment against him, that he understands his rights and the consequences of his plea, that there is a factual basis in the record for a plea of guilty to sex-trafficking conspiracy in violation of 18 United States Code Section 1594(c)," and recommended that this Court accept Scott's guilty plea.  (*Id.* at 38:5–14.)

On June 12, 2025, the Court sentenced Scott to 160 months of imprisonment followed by five years of supervised release.  (Min. Entry dated June 12, 2025; J. 1–3.)  Scott is currently incarcerated at Federal Correctional Institution Gilmer with a projected release date of August 18, 2033.  *See* Fed. Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last

visited Feb. 18, 2026).

On June 12, 2025, Scott appealed his conviction and sentence to the Second Circuit. (Not. of Appeal.)  The appeal is currently pending.  *See United States v. Scott*, No. 25-1587 (2nd Cir. 2025).

## II.   Discussion

### a.   Standard of review

Under 28 U.S.C. § 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, a prisoner in custody pursuant to a sentence imposed by a federal court "may move the court which imposed the sentence to vacate, set aside or correct the sentence" if the "sentence was imposed in violation of the Constitution or laws of the United States" or if "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a); *see Medunjanin v. United States*, 99 F.4th 129, 133 (2d Cir. 2024) ("Under 28 U.S.C. § 2255(a), a prisoner may petition a district court to 'vacate, set aside or correct' a sentence if 'the sentence was imposed in violation of the Constitution or laws of the United States, . . . or [the sentence] is otherwise subject to collateral attack.'" (alteration in original) (quoting 28 U.S.C. § 2255(a))); *Gomez v. United States*, 87 F.4th 100, 106 (2d Cir. 2023) ("A federal inmate may move the district court to 'vacate, set aside or correct' a sentence if 'the sentence was imposed in violation of the Constitution or laws of the United States . . . or [the sentence] is otherwise subject to collateral attack.'" (alteration in original) (quoting 28 U.S.C. § 2255(a))); *Gonzalez v. United States*, 792 F.3d 232, 238 (2d Cir. 2015) ("[A]ll challenges to a [federal] conviction and sentence can . . . be brought in a . . . § 2255 motion . . . ."); *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004) ("[Section] 2255 is the appropriate vehicle for a federal prisoner to challenge the *imposition* of his sentence." (citing *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997))).  In order to prevail on a Section 2255 petition, a petitioner

must demonstrate "a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Cuoco v. United States*, 208 F.3d 27, 30 (2d Cir. 2000) (quoting *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995)); *see United States v. Fnu Lnu*, No. 21-209, 2024 WL 4039575, at *4 (2d Cir. Sep. 4, 2024) (summary order) (quoting *Bokun*, 73 F.3d at 12) (same); *Tavarez v. United States*, 81 F.4th 234, 240 (2d Cir. 2023) ("Our [c]ourt has long reserved § 2255 relief for prejudicial errors that are so grave, they result in a complete miscarriage of justice." (alteration adopted) (internal quotation marks omitted) (quoting *Kassir v. United States*, 3 F.4th 556, 564 (2d Cir. 2021))).  When a defendant attacking his or her sentence is proceeding *pro se*, the court must "read [the defendant's] submissions broadly so as to determine whether they raise any colorable legal claims."  *United States v. Parisi*, 529 F.3d 134, 139 (2d Cir. 2008) (citing *Weixel v. Bd. of Educ.*, 287 F.3d 138, 145–46 (2d Cir. 2002)); *see Wang v. Dreisbach*, No. 24-2249, 2025 WL 2674130, at *1 (2d Cir. Sep. 18, 2025) (summary order) ("[W]e liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." (alteration in original) (quoting *Walker v. Senecal*, 130 F.4th 291, 297 (2d Cir. 2025))); *Walker*, 130 F.4th at 297 (quoting *Kravitz v. Purcell*, 87 F.4th 111, 119 (2d Cir. 2023)) (same); *Brock v. City of New York*, 2024 WL 3493495, at *2 (2d Cir. July 22, 2024) (summary order) (quoting same); *Kravitz*, 87 F.4th at 119 (quoting *Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022)) (same).  "[I]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the [district court] must dismiss the motion."  *Seabrook v. United States*, No. 22-841, 2023 WL 7489961, at *2 (2d Cir. Nov. 13, 2023) (summary order) (internal quotation marks omitted) (quoting *Puglisi v. United States*, 586 F.3d 209, 213 (2d Cir. 2009)).

### a.   Scott's motion is premature

"[H]abeas petitions filed before the petitioner has exhausted his direct appeal are generally considered premature."  *Wall v. United States*, 619 F.3d 152, 154 (2d Cir. 2010) (citing *United States v. Dukes*, 727 F.2d 34, 41 (2d Cir. 1984)); *see also Re v. United States*, 2016 WL 9022577, at *1 (S.D.N.Y. June 2016) ("[A] § 2255 motion filed before the movant has exhausted a direct appeal is generally considered premature." (citing *Wall*, 619 F.3d at 154)); *Nuey v. United States*, 2007 WL 465214, at *1 (S.D.N.Y. Feb. 9, 2007) ("[A]bsent extraordinary circumstances, a district court will not entertain a petition for habeas corpus pursuant to 28 U.S.C. § 2255 during the pendency of the direct appeal.") (internal quotation marks and citations omitted)).

The Court denies Scott's Section 2255 petition without prejudice because Scott's appeal is currently pending before the Second Circuit[4] and this motion is therefore premature.  *See Olivo v. United States*, 2025 WL 2411136, at *2 (S.D.N.Y. Aug. 20, 2025) (denying a movant's Section 2255 motion as premature while the movant's appeal was pending before the Second Circuit); *Thurmond v. United States*, 2025 WL 2382069, at *1 (S.D.N.Y. July 9, 2025) (constructing the movant's motion as a motion to vacate, set aside, or correct a federal sentence under Section 2255 and finding such a motion premature while the movant's direct appeal was pending); *Hicks v. United States*, 2025 WL 965644, at *2 (S.D.N.Y. Mar. 31, 2025) ("The [c]ourt declines to address the merits of [m]ovant's Section 2255 motion because of his pending direct appeal."); *Leyva v. United States*, 2023 WL 2525503, at *2 (S.D.N.Y. Mar. 15, 2023) (denying a Section 2255 motion as premature because the "[m]ovant's direct appeal is pending before the Court of Appeals for the Second Circuit"); *Re v. United States*, 2016 WL 9022577, at

---

[4]  *Scott*, No. 25-1587.

6

*1 (S.D.N.Y. June 20, 2016) (denying a Section 2255 as premature "because [m]ovant's direct appeal is pending in the United States Court of Appeals for the Second Circuit"); *United States v. Abney*, 2007 WL 954732, at *1 (W.D.N.Y. Mar. 27, 2007) (denying a Section 2255 motion given the "obvious potential for conflict" with the pending direct appeal).

### III. Conclusion

For the foregoing reasons, the Court denies Scott's Section 2255 motion without prejudice.

Dated: February 20, 2026
       Brooklyn, New York

SO ORDERED:


    s/ MKB
MARGO K. BRODIE
United States District Judge